## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEDION MASUNSU,<br><br>     Petitioner,<br><br>  v.<br><br>TODD LYONS[1], Field Office Director of Immigrations and Customs Enforcement and Removal Operations,<br><br>     Respondent. | Civil Action No. 1:25-CV-10197-MPK |

## RESPONDENT'S OPPOSITION TO PETITIONER'S
## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C § 2241

Respondent Patricia Hyde ("Respondent"), Acting Field Office Director ("FOD") of U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), Boston Office, by and through his attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submits this opposition to Petitioner Gedion Masunsu's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). Doc No. 1.

Respondent responds to the Petition as contemplated by Rules 4 and 5 of the Federal Rules Governing Section 2254 cases and argues for dismissal for lack of jurisdiction because Petitioner he is detained in the District of New Hampshire and has named an improper

---

[1] Todd Lyons is no longer the Field Office Director for U.S. Immigration and Customs Enforcement's Enforcement and Removal Operations Boston Office. The current Acting Field Office is Patricia Hyde, and pursuant to Fed. Rule Civ. P. 25(d), Ms. Hyde is substituted as the named Respondent to this action.

respondent to this action.[2]  *See Vasquez v. Reno*, 233 F.3d 688, 690 (1st Cir. 2000) (Explaining

that "an alien who seeks a writ of habeas corpus contesting the legality of his detention by the

[ICE] normally must name as the respondent his immediate custodian, that is, the individual

having day-to-day control over the facility in which he is being detained."); *Tham v. Adducci*,

319 F. Supp. 3d 574, 577 (D. Mass. 2018) (Holding that "jurisdiction lies in only one district: the

district of confinement."). *Hernandez v. Lyons*, 1:19-cv-10519-DJC, ECF No. 18 (D. Mass. Oct.

11. 2019) (Allowing motion to dismiss as habeas petitioner "was not in the district when he filed

or was pursuing this Petition as is required.").

As explained further, this Court should dismiss this Petition rather than transfer it to the

District of New Hampshire because ICE's detention of Petitioner is lawful and the district court

lacks jurisdiction to consider his claims related to ICE's discretionary decision to arrest and

detain him.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Uganda.  *See* Declaration of Assistant Field Office

Director, Keith Chan, ¶ 7 attached as Exhibit A.  Petitioner arrived at Boston Logan International

Airport on April 14, 2021 and presented himself for admission to the United States.  *Id.*

Petitioner, however, was found to be inadmissible to the United States by U.S. Customs and

Border Protection ("CBP") per 8 U.S.C. 1182(a)(7)(A)(i) and was processed for Expedited

Removal pursuant to 8 U.S.C. § 1225(b)(1).  *Id.*  Petitioner, however, claimed a fear of return to

Uganda, and CBP exercised its discretion pursuant to 8 U.S.C. § 1182(d)(5)(A) to parole

---

[2] *See* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus
petition…"); *Vieira v. Moniz*, No. CV 19-12577-PBS, 2020 WL 488552, at *1 n.1 (D. Mass. Jan.
30, 2020) (evaluating the Government's response and dismissing habeas petition under Section
2254 Rules).

Petitioner into the United States to allow him to seek protection from removal.  *Id.  See also* 8 U.S.C. § 1225(b)(1)(A)(i) (Providing that an alien shall be ordered removed without further hearing "unless the alien indicates either an intention to apply for asylum … or a fear of persecution).

In early January of 2025, ICE was notified of Petitioner's arrest by the Waltham Police Department for assault and battery on a pregnant person.  *Id.*, ¶ 8.  As such, ICE, on January 25, 2025, arrested Petitioner and revoked his parole pursuant to Section 1182(d)(5)(A) and returned Petitioner to custody as authorized by this statutory provision.  *Id.* Immediately after Petitioner's arrest, ICE placed Petitioner in custody at Strafford County Department of Corrections in Dover, New Hampshire where he currently remains.  *Id.*

ICE then referred Plaintiff's claim of fear of return to Uganda to U.S. Citizenship and Immigration Service's ("USCIS") Asylum Office so a Credible Fear interview could be conducted as required by 8 U.S.C. § 1225(b)(1)(A)(ii).  *Id.*  USCIS conducted Petitioner's Credible Fear interview on January 31, 2025 and determined that Petitioner had a credible fear of return to Uganda and therefore issued Petitioner a Notice to Appear in Immigration Court to pursue his application for asylum.  *Id.*  By statute, ICE is required to detain Petitioner while he pursues an application for asylum before the Immigration Court.  8 U.S.C. § 1225(b)(1)(B)(ii) ("If the officer determines at the time of the interview that an alien has a credible fear of persecution … the alien *shall* be detained for further consideration of the application for asylum.") (emphasis added).

Petitioner filed his Petition with this Court on January 26, 2025 and requests this Court issue a writ of habeas corpus ordering that he be released from ICE custody.  Doc. No. 1.  He acknowledges that he "has been charged with various assaultive offenses" involving "incidents

with a woman he was living with" who is "carrying his child". *Id.*, ¶¶ 2, 8.  Nonetheless, he argues, without citation to any authority, that "he is entitled to be free" from ICE custody. *Id.*, ¶ 16.  He asserts that venue is appropriate in the District of Massachusetts, despite his detention in the District of New Hampshire, because ICE's Field Office Director, who is based in Burlington, Massachusetts, "assigned the location of the Petitioner and is the Jailer of fact." *Id.*, ¶ 4.

## ARGUMENT

Petitioner is not detained in the District of Massachusetts and the Court therefore lacks jurisdiction over the appropriate respondent to this action – Petitioner's custodian at Strafford County Department of Corrections.  This Court should dismiss the Petition, rather than transfer it to the District of New Hampshire, because Petitioner's claim for release is without merit as ICE's detention of Petitioner is fully authorized by statute and the constitution.

### A. **This Court Lacks Jurisdiction Over the Habeas Petition.**

As explained by Judge Gorton in response to a habeas petition filed by an ICE detainee in custody in New Hampshire, "[t]he question of whether the Court has jurisdiction over this matter breaks down into two subquestions: (1) Who is the proper respondent? and (2) Does this Court have jurisdiction over him or her?")  *Kantengwa v. Brackett*, No. 19-CV-12566-NMG, 2020 WL 93955, at *1 (D. Mass. Jan. 7, 2020).  As explained below, the proper respondent is Petitioner's immediate custodian, Superintendent Chris Brackett at the Strafford County Department of Corrections in New Hampshire.  And, this Court does not have jurisdiction over Superintendent Brackett since Petitioner is detained in New Hampshire.

#### 1. **Petitioner has named an improper respondent to this action.**

As explained by the Supreme Court, when considering "challenges to present physical confinement … the immediate custodian, not a supervisory official who exercises legal control,

4

is the proper respondent." *Rumsfeld v. Padilla*, 542 U.S. 426, 339 (2004).  The Supreme Court

reasoned that without this immediate custodian rule in place, the result "would be rampant forum

shopping, district courts with overlapping jurisdiction, and the very inconvenience, expense, and

embarrassment Congress sought to avoid when it added the jurisdictional limitation 137 years

ago." *Id.* at 447.

In considering a habeas petition filed by a detainee in immigration custody, the First

Circuit similarly held that the proper respondent is the immediate custodian, *i.e.* the individual

"who holds the petitioner in custody." *Vasquez*, 233 F.3d at 690.  The First Circuit explained

that "an alien who seeks a writ of habeas corpus contesting the legality of his detention by [ICE]

normally must name as the respondent his immediate custodian, that is, the individual having

day-to-day control over the facility in which he is being detained." *Id.*

As Petitioner is detained at Strafford County in New Hampshire, this individual is

Superintendent Chris Brackett.  *See Tham*, 319 F. Supp. 3d at 577 (Explaining that for an ICE

habeas petitioner detained at Strafford County, "the correct respondent in this action is

Christopher Brackett ..."); *Kantengwa*, 2020 WL 93955 at *1 ("Because Kantengwa was at the

Strafford County Detention Center at the time she filed her petition (and remains there still), the

proper respondent is Warden Brackett. The other persons identified as respondents are not proper

parties to this action."); *Faulkner v. US. Immigr. & Naturalization,* No. CV 22-12122-WGY,

2023 WL 3868437, at *2 (D. Mass. June 7, 2023) (Holding that "the proper respondent is the

warden of the institution where Faulkner was confined when the petition was filed. Because

Faulkner is at the Central Maryland Correctional Facility, the proper respondent is warden at this

Maryland facility.").

The First Circuit did acknowledge that there could be "extraordinary circumstances" in which an official with supervisory control could be named as the respondent for an ICE detainee's habeas petition. *Vasquez*, 233 F.3d at 697. For example, the *Vasquez* Court cited a case where the ICE detainee was "being detained in an undisclosed location" or envisioned a case where ICE "spirited an alien from one site to another in an attempt to manipulate jurisdiction." *Id.* But in *Vasquez*, the First Circuit found no "hint of anything that might qualify as an extraordinary circumstance" in that the petitioner was required to file his petition in the district of his confinement (Louisiana), even if that jurisdiction was considered to be a less hospitable judicial district for the detainee to present his claims. *Id.*

Here too, there are no extraordinary circumstances cited that make appropriate the naming of ICE ERO Boston's Acting FOD as the respondent to this action as Petitioner has been detained in New Hampshire since his arrest on January 25, 2025. *Tham*, 319 F. Supp. at 577 (Finding "no extraordinary facts in this case that would warrant deviating from the immediate custodian rule."). Acting FOD Hyde is "a supervisory official who exercises legal control" over Petitioner, but as made clear by the Supreme Court in *Padilla*, this does not make her the proper respondent to this habeas petition. *See Padilla*, 542 U.S. at 439–440. As such, Petitioner has named an improper respondent for this action to challenge his current detention since he did not name his immediate custodian, Superintendent Bracket.

## 2. <u>This Court lacks jurisdiction over Superintendent Brackett.</u>

Answering the second question posed by Judge Gorton in *Kantengwa*, this Court does not have jurisdiction over this Petition since it lacks jurisdiction over Petitioner's immediate custodian, Superintendent Brackett. A district court is statutorily authorized to issue a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243. Such

individual holding custody must be "within [the court's] respective jursidction[]." *Padilla*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)).   As explained by the First Circuit, this statutory language means "that the court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody." *Vasquez*, 233 F.3d at 690.

Because Petitioner is not detained in the District of Massachusetts, this Court lacks jurisdiction over his immediate custodian in New Hampshire.  Courts within this district routinely find that they do not have jurisdiction over Superintendent Brackett (or any custodian outside of the District of Massachusetts).  *Tham*, 319 F. Supp. at 577 ("jurisdiction lies in only one district: the district of confinement."); *Kantengwa*, 2020 WL 93955, at *2 ("Because the District of Massachusetts is not the district of Kantengwa's confinement, jurisdiction is lacking."); *Faulkner*, 2023 WL 3868437, at *2 (same).

### B.  <u>The Petition should be Dismissed, not Transferred to the District of New Hampshire.</u>

This Court should dismiss the Petition rather than transfer it to the District of New Hampshire because it is wholly without merit and therefore "the interest of justice" does not compel transfer.  *See* 28 U.S.C. § 1404(a) ("[I]n the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). Petitioner claims that "he is entitled to be free" and that his custody by ICE "is without Probable Cause [sic] and deprives the Petition [sic] of his freedom."  Doc. No. 1 at ¶¶ 16-17.  He further asserts that continued detention is "contrary to the Petitioner's Constitutional rights."  *Id.*, ¶ 18. Petitioner does not explain why he is "entitled to be free" or why he believes his detention violates his constitutional rights.

This is because ICE had full statutory and constitutional authorization to arrest Petitioner and to maintain Petitioner in detention.  In essence, Petitioner appears to take umbrage to ICE's

decision to arrest him, claiming that despite his criminal charges, he is not a risk to the community, and he also does not pose a flight risk.  Doc. No. 1 at ¶¶ 8-9.

Petitioner, however, is an arriving alien seeking admission to the United States and ICE had full statutory authorization to revoke the parole that previously allowed his release from custody and to maintain him in detention thereafter.  *See Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 139, 140 S. Ct. 1959, 1982, 207 L. Ed. 2d 427 (2020) (Explaining that "When an alien arrives at a port of entry—for example, an international airport—the alien is on U. S. soil, but the alien is not considered to have entered the country for the purposes of this rule.").

As noted, CBP previously determined Petitioner was inadmissible to the United States when he arrived at Boston Logan in April of 2021 and he was detained and processed for Expedited Removal per 8 U.S.C. § 1225(b)(1).  CBP, however, exercised its discretion pursuant to 8 U.S.C. § 1182(d)(5)(A) to parole Petitioner into the United States to allow him to seek protection from removal.  Such parole, however, can be revoked at ICE's discretion and an alien thereafter is required to "be returned to the custody from which he was paroled."  8 U.S.C. § 1182(d)(5)(A).

Aliens seeking admission who are "not clearly and beyond a doubt entitled to be admitted . . . shall be detained for a proceeding" to determine whether the alien should be removed.  8 U.S.C. § 1225(b)(2)(A) (emphasis added).  Any such alien "shall" be ordered removed "without further hearing" unless he claims a credible fear or intends to apply for asylum, in which case he "shall be detained pending a final determination of credible fear;" "if found not to have such a fear, until removed;" and if found to have a credible fear, he "shall be detained for further consideration of the application for asylum."  8 U.S.C. §§ 1225(b)(1)(A)(i), (B)(ii), and (iii)(IV).

Therefore, Petitioner is an arriving alien whom ICE has lawfully detained pending resolution of removal proceedings pursuant to 8 U.S.C. § 1225(b)(2).  As explained by the Supreme Court in *Jennings v. Rodriguez*, 538 U.S. 281, 297 (2018), these provisions "mandate detention of applicants for admission until certain proceedings have concluded."  In declining to find a statutory requirement to conduct bond hearings for such applicants for admission, the Supreme Court explained that "nothing in the statutory text imposes any limit on the length of detention … and neither [statutory provision] says anything whatsoever about bond hearings." *Id.*  As such, his claim that his detention is unlawful per statute or the constitution is wholly without merit.  *See Thuraissigiam*, 591 U.S. at 140 (Explaining that an arriving alien "has only those rights regarding admission that Congress has provided by statute" and that "the Due Process Clause provides nothing more".); *Poonjani v. Shanahan*, 319 F. Supp. 3d 644, 649 (S.D.N.Y. 2018) (Finding that "because  the immigration statutes at issue here do not authorize a bond hearing … due process does not require one here.").

Additionally, Congress has stripped district courts of jurisdiction to consider challenges to the discretionary decisions ICE made in revoking his parole and returning him to custody. Congress enacted the REAL ID Act in 2005. *See* Pub. L. No. 119-13, Div. B, 119 Stat. 302 (May 11, 2005). The REAL ID Act added jurisdiction-stripping provisions to the Immigration and Nationality Act ("INA") that speak directly to the availability of habeas corpus relief for aliens. *See Ishak v. Gonzales*, 422 F.3d 22, 29 (1st Cir. 2005).  Specifically, as amended by the REAL ID Act, 8 U.S.C. § 1252(g) strips a district court's jurisdiction to hear "any cause or claim by or on behalf of an alien arising from the decision or action by [ICE] to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  Thus, Congress unequivocally protected the government's authority to make "discretionary

determinations" over whether and when to arrest, detain, and execute a removal order against an alien. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 (1999). As such, ICE's decision to revoke Petitioner's parole and return him to detention is not subject to judicial review and any transfer of the Petition to the District of New Hampshire for further consideration would not be in the interest of justice at this juncture.

Petitioner has one mechanism for seeking release from ICE custody, requesting parole from ICE, and Petitioner makes no claim that he has made such a request. *See Traore v. Decker*, No. 19-CV-4612 (ALC), 2019 WL 3890227, at *4 (S.D.N.Y. Aug. 19, 2019) (Explaining that for an arriving alien, "the Statue provides for one mechanism by which arriving aliens may obtain release into the United States during the pendency of their immigration proceedings – conditional parole."). A district court, however, has no role to play in considering an arriving alien's release into the country, especially an individual who has only been detained for approximately two weeks.

<u>**CONCLUSION**</u>

For these reasons, this Court lacks jurisdiction over the Petitioner and must therefore deny the request to issue a writ of habeas corpus ordering Petitioner's release from ICE custody.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: February 10, 2025          By:      */s/ Mark Sauter*
                                            Mark Sauter
                                            Assistant United States Attorney
                                            United States Attorney's Office
                                            1 Courthouse Way, Suite 9200
                                            Boston, MA 02210
                                            Tel.: 617-748-3347
                                            Email: mark.sauter@usdoj.gov

## **LOCAL RULE 7.1 CERTIFICATION**

I, Mark Sauter, hereby certify that pursuant to L.R. 7.1(a)(2), I have conferred with Plaintiff's counsel in advance of filing this motion in a good faith attempt to narrow or resolve the issues raised by this motion.

Dated:  February 10, 2025                    By:      */s/ Mark Sauter*
                                                           Mark Sauter

## **CERTIFICATE OF SERVICE**

I, Mark Sauter, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  February 10, 2025                    By:      */s/ Mark Sauter*
                                                           Mark Sauter
                                                           Assistant United States Attorney